IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01215-WYD-MEH

MALIBU MEDIA, LLC,

 Plaintiff,

v.

CHRISTOPHER LING,

 Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

---

 THIS MATTER is before the Court on the Motion for Entry of Default Judgment against Defendant Christopher Ling (ECF No. 21), filed November 25, 2014.  This motion was referred to Magistrate Judge Hegarty, who issued a Recommendation of United States Magistrate Judge (ECF No. 23), filed December 31, 2014, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D.C.COLO.LCivR. 72.1.

 Magistrate Judge Hegarty recommended therein that Plaintiff's Motion for Entry of Default Judgment be granted in part and denied in part.  (ECF No. 23 at 1, 15.)  He notes that Ling did not answer or respond to the Amended Complaint before the deadline, and that an entry of Default was issued on September 25, 2014.  (*Id.* at 7.)  He further notes that Ling did not respond to the motion for default judgment.  (*Id.*)

 It is then recommended that default judgment be entered in Plaintiff's favor against Ling pursuant to Fed. R. Civ. P. 55(b)(2).  (*Id.* at 8-9.)  In support of this, Magistrate

Judge Hegarty finds that the Court has jurisdiction and that "taking its allegations as true, the Plaintiff has established violations of its copyrights by Defendant Christopher Ling, in that a computer at Christopher Ling's residence participated in an illegal download of twelve (12) of Plaintiff's copyrighted works."  (ECF No. 23 at 9.)   Thus, he "finds that Plaintiff has established Defendant Christopher Ling copied Plaintiff's copyright protected works" and "recommends that the District Court find Christopher Ling has committed twelve (12) direct infringements of the Copyright Act against Plaintiff."  (*Id.* at 12-13.)   As to damages, it is recommended that Ling be ordered to pay Plaintiff $2,250.00 per infringement ($27,000 in total for the 12 infringements) in statutory damages as authorized by 17 U.S.C. § 504(c)(1), and $1,627.00 for attorney's fees and costs as authorized by 17 U.S.C. § 505.   (*Id.* at 13-14.)

Finally, Magistrate Judge Hegarty recommends that the Court grant in part and deny in part Plaintiff's request for injunctive relief.  (*Id.* at 15.)   Thus, it is recommended that Plaintiff's request for an order directing Ling to "destroy all copies of Plaintiff's works that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization, and [ ] destroy all copies of the Works transferred onto any physical medium or device in Defendant's possession, custody or control" be granted.   (*Id.* at 14-15.)   On the other hand, Magistrate Judge Hegarty recommends that the Court deny Plaintiff's request for an order, if sought, enjoining Ling from "continuing" to infringe on Plaintiff's copyrighted works.  (*Id.* at 16.)

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of a copy of the Recommendation.   Despite this advisement, no objections were filed to the Magistrate Judge's Recommendation.   No

objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").   Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[2]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation (ECF No. 23), I am satisfied that there is no clear error on the face of the record.   The Recommendation is well reasoned and persuasive.   I agree that Plaintiff should be granted default judgment against Defendant Ling for direct infringement of Plaintiff's copyrighted works.   I further agree with the Recommendation on damages and attorney's fees and costs.   Finally, I agree that Plaintiff's request for injunctive relief should be granted in part and denied in part as set forth in the Recommendation.   Accordingly, it is

ORDERED that Magistrate Judge Hegarty's Recommendation (ECF No. 23) is **AFFIRMED** and **ADOPTED**.   In accordance therewith, it is

ORDERED that Plaintiff's Motion for Entry of Default Judgment against Defendant Christopher Ling (ECF No. 21) is **GRANTED IN PART** and **DENIED IN PART**; namely, it

---

[2]   Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

is granted as to the request for a default judgment and for damages, and granted in part and denied in part as to the request for injunctive relief.   Therefore, it is

ORDERED that the Clerk of Court shall enter judgment in Plaintiff's favor against Defendant Ling for direct copyright infringement of Plaintiff's copyrighted works, as set forth in Count I of the Amended Complaint.   It is

FURTHER ORDERED that Defendant Ling shall to pay to Plaintiff the sum of $27,000.00 in statutory damages, as authorized by 17 U.S.C. § 504(c)(1), and $1,627.00 for attorney's fees and costs as authorized by 17 U.S.C. § 505.   It is

FURTHER ORDERED that Defendant Ling shall permanently destroy all of the digital media files relating to, and copies of, Plaintiff's copyrighted works made or used by him in violation of Plaintiff's exclusive rights, as well as all masters in his possession, custody or control from which such copies may be reproduced.   Finally, it is

ORDERED that Plaintiff's request, if sought, to permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works is **DENIED**.

Dated:   February 11, 2015.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE